UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-18-HRW

ROBIN RENEE FLETY,            PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on December 15, 2010, alleging disability beginning on October 15, 2008, due to trouble sitting and walking and a lack of education (Tr. 254). This application was denied initially and on reconsideration. On August 12, 2012, an administrative hearing was conducted by Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony T. Michael, Jr., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 1, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 26-35). Plaintiff was 36 years old at the time of alleged onset. She has a 10th grade education (Tr. 254). Her past relevant work experience consists of work as a restaurant cashier and cook (Tr. 255).

The ALJ noted that Plaintiff filed prior applications, alleging disability beginning on June 1, 2007. Those applications were denied initially, upon reconsideration and by an ALJ following a hearing. The ALJ's decision was rendered on June 21, 2010. No appeal was taken. Significantly, the ALJ noted that no new evidence was presented in the instant claim.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 28).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, sprains . Strains, mood disorder, personality disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 28-29).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 29). In doing so, the ALJ specifically considered listings 1.00, 12.02, 12.04, 12.06 and 12.07 (Tr. 29-30).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 34) but determined that she has the residual functional capacity ("RFC") to perform work activity at the light level of exertion but had additional nonexertional limitations such that she should avoid climbing ladders, ropes or scaffolds or moving machinery and unprotected heights, perform simple routine tasks; sustain attention and concentration for tasks requiring minimal judgment for two hours at a time, relate in an object focused setting; and adapt to changes and pressures of a routine setting (Tr. 30-31).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 34-35).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 19 and 20] and this matter is ripe for decision.

3

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find her presumptively disabled at Step Three, (2) the ALJ improperly evaluated the medical evidence since June 22, 2010 and (3) the hypothetical posed to the VE was flawed, and, as such, cannot be substantial evidence in support of the ALJ's decision.

### C. Analysis of Contentions on Appeal

4

Plaintiff's first claim of error is that the ALJ did not find her presumptively disabled at Step Three. Specifically, Plaintiff maintains that her impairments meet or equal listing 12.05( c).

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff Daniels "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." Arnold, at **2, quoting Maloney v. Commissioner, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* As the Defendant notes, this must be done by presenting specific medical findings that satisfy the particular Listing. Sullivan v. Zebley, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." Sullivan, at 530.

As correctly stated by the Defendant, the introductory material to Listing 12.00 clarifies the interpretation of Listing 12.05. It provides, in pertinent part:

5

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorder listings.
> Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains
> four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory
> paragraph and any one of the four sets of criteria, we will find that your impairment meets the Listing.
>
> For Paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e. is a "severe" impairment(s) as defined in [the Regulations]. If the additional impairment(s) does not cause limitations that are "severe"..., we will not find that the additional impairment(s) impose "an additional and significant work- related limitation of your function," even if you are unable to do your past work because of the unique features of that work.

Listing 12.05 ( c) 'Mental retardation' provides in relevant part:

> Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

In support of her argument that she is disabled pursuant to 12.05( c), Plaintiff relies upon the a 2009 report of consultative examiner Mary Lou Cantrell, M.A. (Tr. 501-507). This report was considered by the previous decision and, as such, only provides support for the Commissioner. In this Circuit, a final decision by an ALJ is binding upon a subsequent matter

unless there is new and material evidence pertaining to that finding. *See* AR 98-4(6). Therefore, the current ALJ was bound by the prior ALJ's 2010 finding unless the evidence showed that Claimant's condition had changed.

Of significant importance, in the case before the Court, the prior 2010 final ALJ decision was based, in part, on a January 2009 psychological evaluation by Psychological Associate, Ms. Cantrell, which indicated that Plaintiff was not significantly psychologically limited in her ability to function in an occupational capacity; demonstrating an ability to understand and remember simple instructions as well as sustain concentration and persistence (Tr. 506). The current evidence, chiefly the medical records from Pathways, show that Claimant continued to complain of depression and anxiety but no additional intelligence testing was performed. Further, state agency psychologist, Dr. Sillers, reviewed Plaintiff's record during the most recent administrative proceedings and concluded that Plaintiff could perform work involving simple routine tasks; sustain attention and concentration for tasks requiring minimal judgment for two hours at a time, relate in an object focused setting; and adapt to changes and pressures of a routine setting (Tr. 155-157).

Although Ms. Cantrell's January 2009 evaluation of Plaintiff resulted in a Wechsler Adult Intelligence Scale Full Scale IQ score of 69 (noted by Ms. Cantrell as extremely low), as noted above, she proceeded to opine that Plaintiff was not significantly psychologically limited in her ability to function in an occupational capacity; demonstrating an ability to understand and remember simple instructions as well as sustain concentration and persistence. Ms. Cantrell further opined that Plaintiff was subject to borderline intellectual functioning (Tr. 506). Strikingly, no diagnosis of mental retardation was made by Ms. Cantrell or any other medical

7

source, either before or after June 22, 2010. Thus, in the decision now before the Court, in the absence of new and material evidence, the ALJ was bound by the prior June 21, 2010, Step Three and RFC findings.

Plaintiff bears the burden of demonstrating that her impairments meet or equal a listed impairment during the period at issue in this case which is from June 22, 2010 to October 1, 2012. Plaintiff presents no new evidence to support her claim that she meets or equals the severity standard set forth in 12.05 during this period. As such, her claim lacks merit.

Plaintiff's second claim of error is that the ALJ improperly evaluated the medical evidence since June 22, 2010. In assessing Plaintiff's residual functional capacity, the ALJ considered all of the evidence and found that the evidence supported a finding that Plaintiff could perform light exertion work with numerous nonexertional limitations (Tr. 30-31). Specifically, the ALJ considered the treatment notes and opinions of record since June 22, 2010 (Tr. 28-34). The Court finds no error in this regard.

Finally, Plaintiff contends that the hypothetical posed to the VE was flawed, and, as such, cannot be substantial evidence in support of the ALJ's decision. However, the Court finds that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. The record is devoid of credible medical

evidence suggesting functional limitations beyond those found by the ALJ.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of March, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**